■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD L. BROOME, Appellant.— Appeal by defendant: (1) from a judgment of the Supreme Court, Queens County, entered October 3, 1963 after a nonjury trial, convicting him of two counts of grand larceny in the second degree and of conspiracy as a misdemeanor, and suspending sentence; and (2) from an order of the Supreme Court, Queens County, dated January 24, 1964, which denied his motion for a new trial on the ground of newly discovered evidence. Judgment modified on the law and the facts as follows: (1) by striking out the provisions convicting defendant and suspending sentence on the second and third counts of the indictment charging grand larceny in the second degree by stealing and conspiracy to commit such crime; and (2) by substituting therefor a provision dismissing said two counts. As so modified, the judgment is affirmed. No appeal lies from the order denying the motion for a new trial. Nevertheless, such order has been reviewed on the appeal from the judgment (Code Crim. Pro., § 517, subd. 3). In our opinion such order was properly made. Defendant is a lawyer who was convicted of obtaining a $450 settlement in his client's personal injury action by submitting to an insurance company a fictitious medical bill allegedly showing that his client had been treated 15 times by a certain doctor, even though the client never in fact saw that doctor. Defendant was tried by the court without a jury under an indictment charging larceny by false pretenses, common-law larceny and conspiracy as a misdemeanor. The court found the defendant "guilty of the crimes as charged in the indictment." On the basis of the record, we find that the defendant obtained a settlement of his client's claim by fraudulently submitting a fictitious medical bill and report to an insurance company. We are constrained, however, to agree with defendant's contention that, having obtained the money by false pretenses, as charged in the first count of the indictment, he could not also be convicted of obtaining the same money under the common-law count, which involves taking either by trespass or by trick, thus gaining possession but not title. Nevertheless, we do not agree with defendant's contention that the inconsistency of the conviction on all the counts requires reversal of the judgment in its entirety. Consistency in judgments is not always necessary (*People* v. *Hovnanian*, 16 A D 2d 818; *People* v. *Sciascia*, 268 App. Div. 14); and the situation here is not one in which the inconsistency prevents review (cf. *People* v. *Standish*, 5 A D 2d 726). As nothing would be gained by ordering a new trial, it is sufficient to reverse the conviction on the second count (*People* v. *Daghita*, 301 N. Y. 223, 228). Defendant is also correct in his contention that there was insufficient proof at the trial to convict him of conspiring with the doctor whose name appeared on the bill and report which the defendant used for the purpose of settling the tort action. Aside from the bill and the report, no evidence of any kind was adduced to show that the doctor (and not the defendant or some other person) had made out the bill and report, or that the doctor even existed. Accordingly the conviction of conspiracy must be reversed. It is also urged that the record does not sustain the judgment of

conviction for grand larceny and that this court should modify the judgment as permitted by statute (Code Crim. Pro., § 543). To accede to this argument and to reduce the grand larceny conviction to one for petit larceny, however, would be to speculate as to what part of the total sum fraudulently obtained by the defendant actually resulted from or was attributable to his fraud. The record is clear that he obtained $450 and that he obtained it by fraud. While it is quite possible that he could have obtained almost as much without fraud, that possibility cannot be permitted to reduce the degree of defendant's crime. True, in this instance the defendant's personal profit was pathetically small; and the trial court suspended sentence. But the extension of mercy to an accused by finding a lesser degree of crime than is established by the evidence has been expressly barred (*People* v. *Potskowski,* 298 N. Y. 299). Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.