OPINION OF THE COURT
Fuchsberg, J.
Harold Mayrant has been convicted of assault in the second degree in connection with his stabbing of a friend, Alexander Woods. On appeal to us from an Appellate Division order of affirmance, the defendant complains that the Trial Judge, in denying his Sandoval (People v Sandoval, 34 NY2d 371) application to preclude his cross-examination as to earlier convictions, applied an erroneous legal yardstick.
Specifically, prior to trial defendant sought an informational ruling as to whether his two prior convictions would be permitted to be used to impeach his credibility if he took the stand in his own defense. The motion was denied with leave to renew at the close of the People’s case. At that time, it was denied again, the Trial Judge giving the following reason: "THE COURT: The Court, as I stated before, has heard extensive arguments in this case as to defendant’s prior propensities for committing violent acts, [which] will go to the heart of the defendant’s testimony should he take the stand as to who was or who was not the aggressor in the instant proceeding. And for that reason this Court will permit, if [he] take[s] the stand, [the] defendant to be cross-examined as to whether he did in the past, rather if he was in the past convicted of acts of violence and so your motion is denied.”
As authorized by this ruling, during defendant’s testimony the prosecutor developed the circumstances underlying each conviction. In one, defendant, who had fired several shots at a robber, had eventually pleaded guilty to possession of a *239 weapon. In the second, which arose out of an altercation in which the defendant, presumably to ward off an attack with a knife, struck a man in the head with a golf club, he had pleaded guilty to harassment.
 The applicable rules of law are uncomplicated. A defendant who exercises his constitutional right to testify may be cross-examined in good faith concerning his prior immoral, vicious or criminal conduct only if it has a bearing on his credibility as a witness (People v Dickman, 42 NY2d 294, 297; People v Wright, 41 NY2d 172, 175; People v Duffy, 36 NY2d 258, 262, cert den 423 US 861). It may not be resorted to simply to prove a propensity to commit the crime for which he is on trial (People v Jackson, 39 NY2d 64, 67; People v Duffy, supra, p 262; People v Schwartzman, 24 NY2d 241, 247, cert den 396 US 846; People v Russell, 266 NY 147, 152). For "[o]ne may not be convicted of one crime * * * because he committed another” (People v Goldstein, 295 NY 61, 64).
This principle is "rooted in practical policy, justice and fairness” rather than in logic (People v Richardson, 222 NY 103, 109-110; Richardson, Evidence [10th ed], § 170, p 139). While past events often may be a harbinger of future conduct, in the prosecution of criminal cases we are less concerned with such a generalization than with the requirement that each case be determined on its individual merits. As Chief Judge Cardozo reminded us, "There may be cogency in the argument that a quarrelsome defendant is more likely to start a quarrel than one of milder type, a man of dangerous mode of life more likely than a shy recluse. The law is not blind to this, but equally it is not blind to the peril of the innocent if character is accepted as probative of crime” (People v Zachowitz, 254 NY 192, 198; see, also, People v Cook, 42 NY2d 204, 208; 1 Wigmore, Evidence [3d ed], § 57, p 456).
 These competing considerations require that, upon an application to limit the use of prior convictions of a defendant on his cross-examination, "a balance * * * be struck between the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant’s credibility on the one hand, and on the other the risk of unfair prejudice to the defendant, measured both by the impact of such evidence if it is admitted after his testimony and by the effect its probable introduction may have in discouraging him from taking the stand on his own behalf’ (People v Sandoval, 34 NY2d 371, 375, supra). The determination of the permissi *240 ble scope of cross-examination ostensibly bearing on the credibility of a witness thus rests in the sound discretion of the Trial Judge (People v Greer, 42 NY2d 170, 176; People v Duffy, 36 NY2d 258, 262-263, supra; People v Schwartzman, 24 NY2d 241, 244, supra; People v Sorge, 301 NY 198, 202; La Beau v People, 34 NY 223, 230).
The difficulty with the Trial Judge’s determination here, however, is that, from the record before us, its language being accorded its ordinary meaning, we are compelled to conclude that, in denying defendant’s application, the court failed to consider both of the available alternatives (cf. People v Caviness, 38 NY2d 227, 233). To the contrary, the Judge’s words suggest that he took into account only "the defendant’s prior propensities for committing violent acts”.
Nor may the error be treated as harmless. That an altercation took place is not disputed; both the defendant and the victim were hospitalized and arrested. The only serious issue was justification. The defendant was his only eyewitness. Arrayed against that testimony were only the victim and his wife. Under these circumstances, it is impossible to say whether the Trial Judge, had he weighed all the considerations we have articulated, would not have limited the cross-examination as to prior criminal acts and whether, if he had done so, the scales would have been tipped for instead of against the defendant (cf. People v Dickman, 42 NY2d 294, supra; People v Perez, 36 NY2d 848).
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.