OPINION OF THE COURT

Per Curiam.

The record demonstrates that the trial court exercised its discretion when it ruled that the prosecution would be permitted to impeach the credibility of the defendant, if he took the stand, by confronting him with his prior criminal acts. Indeed, the court, in its opinion carefully balanced the probative worth of the tendered proof against the risk of prejudice and it cannot be said that the court’s ruling which would have permitted cross-examination as to these acts constituted an abuse of discretion as a matter of law (People v Mackey, 49 NY2d 274, 281; People v Sandoval, 34 NY2d 371, 378).
The position advanced by the dissent calls for a reaffirmation that our decision in People v Sandoval (34 NY2d 371, supra) did not change the pre-existing law as to the permitted scope of cross-examination for impeachment purposes (e.g., People v Schwartzman, 24 NY2d 241, cert den 396 US 846; People v Sorge, 301 NY 198). It prescribed a procedural vehicle by means of which a defendant could obtain an advance ruling as to the scope of cross-examination which would be permitted if he were to take the witness stand. The determination of that scope remained, as it always had been, committed to the sound discretion of the trial court. We *550 explored considerations pertinent to the exercise of that discretion; we did not, however, as the dissent suggests, mandate the application of any particular balancing process. We have subsequently indicated that in the usual case, appellate review of the exercise of discretion by the trial court in any particular instance ends in the intermediate appellate court (People v Mackey, 49 NY2d 274, 281, supra). It is only when the ruling of the trial court has been based on an error of law in the pre-Sandoval sense that reversal in our court is warranted (e.g., People v Davis, 44 NY2d 269 [Trial Judge in a pre-Sandoval case erroneously held that he was barred from exercising normal discretionary supervision of scope of cross-examination]; People v Mayrant, 43 NY2d 236 [cross-examination as to prior violent acts admitted as evidence in chief to establish propensity to commit such acts]; cf. People v Kennedy, 47 NY2d 196, 205 ["considerations we reiterated in People v Sandoval (34 NY2d 371) for determining when such cross-examination should be allowed” not applicable to convictions alone but applied as well to alleged immoral, vicious or criminal acts regardless of whether those acts resulted in convictions]).
Nor does the other issue tendered by defendant call for a reversal of his conviction. The attorney for the defendant voiced a general objection to the People’s request to close the courtroom during the testimony of the undercover detective and an informant. However, defense counsel made no request for a hearing nor did she dispute the People’s contention that the witnesses would be in danger if the general public was not excluded. Consequently it cannot be said that the court erred in granting the People’s request for closure.
Accordingly, the order of the Appellate Division should be affirmed.