Meyer, J.
(dissenting). There should be a reversal and a new trial.
On the Sandoval issue it is clear that the Trial Judge used the wrong criteria and thus did not properly exercise his discretion in determining the extent of permissible cross-examination (People v Kennedy, 47 NY2d 196; People v Davis, 44 NY2d 269; People v Mayrant, 43 NY2d 236). Admission of evidence of prior crime on the issue of defendant’s credibility has, as the majority notes, always been essentially a matter for the Trial Judge’s discretion. But the thrust of Sandoval is *551 that because a jury may be led by such evidence to infer criminal propensity and convict a defendant in fact innocent of the particular crime, defendant is in effect denied his constitutional right to be a witness in his own behalf unless he knows before he takes the stand what evidence of prior crime he will face. Sandoval spells out the factors on which the determination turns: how long a time has elapsed, was the crime deliberate or one of impulse or addiction, how relevant is it on credibility. The hearing, mandated by Sandoval so that there can be appellate review of the Trial Judge’s determination, is of little value if the issue can be decided by the Trial Judge in his unfettered discretion. The irreducible minimum is that the determination be made on a reasoned basis, measuring propensity for conviction against relation to credibility.
Judged by that standard the hearing in this case failed to meet Sandoval’s requirement that the Trial Judge consider both "the interests of the People and the rights of the defendant” (People v Sandoval, 34 NY2d 371, 375). This is evident from his categorical statements, first, that "As long as the crime involved does entail moral turpitude, it seems to me that the jury has a right to know about it”; second, that he was not sympathetic to the argument that cross-examination about a crime which tended to indicate a predisposition could by its prejudicial effect outweigh its materiality, because that would reward one who specialized in a particular type of crime; and, third, that it would be misleading to the jury and unfair to the People to permit defense counsel to cross-examine the informant about past crimes and not have defendant similarly questioned. Since his denial of the Sandoval motion was "for all of these reasons”, it is clear that there was more dogma than discretion in the ruling.
While the ruling closing the courtroom is more debatable, I would reverse as to that also. Defendant’s attorney having objected, even though indicating that she was not sanguine of a favorable ruling, the court, in order to assure "that the defendant’s right to a public trial is not being sacrificed for less than compelling reasons” (People v Jones, 47 NY2d 409, 414-415), should have required the People to present more than the prosecutor’s conclusory statement that "I think it would be dangerous, if not to his health, to possible future investigations of this [undercover police] officer, to have the courtroom open”.