Sammie HILL, Petitioner,

v.

Joseph C. SNOW, Mid-Orange Correctional Facility, Respondent.

82 Civ. 2272 (JES).

United States District Court, S.D. New York.

Aug. 16, 1984.

Sammie Hill, Pro Se.

Robert Abrahms, Atty. Gen. of the State of N.Y., New York City, for respondent; Joseph F. Wagner, Asst. Atty. Gen., New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner, Sammie Hill, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). He alleges six grounds in support of his application. Because three of those six grounds are unexhausted, this Court must dismiss his entire petition pursuant to

*Rose v. Lundy*, 455 U.S. 509, 520–22, 102 S.Ct. 1198, 1204–05, 71 L.Ed.2d 379 (1982).

## FACTS

On September 14, 1979, a jury found petitioner guilty of grand larceny in the second degree, N.Y.Penal Law § 155.35 (McKinney 1975), and fraudulent accosting, *id.* § 165.30. Prior to sentencing, he moved to vacate the jury verdict and for a new trial. That motion was denied. On November 7, 1979, a judgment of conviction was rendered by the Supreme Court, New York County, and Hill was sentenced to concurrent prison terms of three and one half to seven years on the grand larceny count and one year on the fraudulent accosting count. His conviction was unanimously affirmed on direct appeal to the Appellate Division, First Department, on November 24, 1981, and leave to appeal to the New York Court of Appeals was denied on January 18, 1982.

Petitioner was convicted of participating in a "handkerchief switch" confidence game. The complaining witness, Solomon Seales, was an eighty-two year old man. He testified that he was approached by two men on the street (one who claimed to be a "sailor" and the other whom Seales later identified as petitioner). The "sailor" claimed that he had just come off a ship and had a large amount of money in his possession but was afraid to entrust it to a bank. The two men ascertained that the complainant had no money with him and then walked him across the street to their parked car, where a woman accomplice was seated. All four persons then drove to Seales' apartment and went inside.

After Seales denied having any money at home, the two men went into the bathroom and emerged with a handkerchief with something tied up in it. The "sailor" claimed that it contained his money and asked Seales to keep it for him until he returned to reclaim it. Complainant then took the handerchief into his bedroom and placed it in his bureau drawer; the woman observed him doing so. Seales kept his own money in a plastic bag in the same

drawer. After complainant returned to the living room, the woman went into the bedroom and then quickly left the apartment, carrying what appeared to be a plastic bag. Seales went into the bedroom and saw that his life savings of $5,170 were missing. He ran down the street in pursuit of the two men and the woman, but they drove off in their car and he was unable to catch them. Mr. Seales then returned to his apartment, confirmed that his money was gone, and removed the handkerchief from the drawer; it was stuffed with newspaper.

Hill alleges the following grounds in support of his petition for a writ of habeas corpus:

(1) that he was denied due process of law when the trial court permitted a detective to testify as an expert witness regarding the *modus operandi* of the handkerchief switch confidence game;

(2) that he was denied a fair trial because the expert characterized the handkerchief switch as "basically a Black confidence game," Trial Transcript ("Tr.") at 76;

(3) that he was denied due process when the trial court, after both sides had rested, refused to permit the defense to admit exhibits that it had inadvertently failed to admit sooner;

(4) that the trial court erred in not disregarding the testimony of the complaining witness because Seales was initially unable to identify petitioner at trial;[1]

(5) that he was denied due process of law because he was convicted through the use of fraudulent evidence;[2] and,

(6) that he was denied due process because he was not allowed to cross-examine the complainant at his *Wade* hearing.

1. Seales had previously identified petitioner as one of the confidence operators by picking his photograph out of an array and by identifying him in a lineup. At trial, approximately two years after the incident, he initially said that he did not recognize any of the confidence operators in the courtroom, then immediately retracted that statement and positively identified petitioner. Tr. at 20.

## DISCUSSION

A two step inquiry is used in determining whether the exhaustion requirement of 28 U.S.C. § 2254(d) has been satisfied. First, a petitioner must have fairly presented the same federal claim to the state courts as he asserts in federal court; second, having presented that claim and having been denied relief, the petitioner "must have utilized all available mechanisms to secure appellate review of the denial of that claim." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir.1981); *see* 28 U.S.C. § 2254(c).

Petitioner raised the first three of his claims on direct appeal to the appellate division. His conviction was unanimously affirmed, and leave to appeal to the New York Court of Appeals was denied. Thus, petitioner clearly satisfied the exhaustion requirement with respect to those claims. *See Klein v. Harris*, 667 F.2d at 282; *Wilson v. Harris*, 595 F.2d 101, 102 (2d Cir. 1979). He did not, however, present his other three claims to the state court on direct appeal.

A petitioner who has failed to exhaust state remedies by pursuing a direct appeal must utilize available state methods for collaterally attacking his state conviction. *Klein v. Harris*, 667 F.2d at 282–83; *see Johnson v. Metz*, 609 F.2d 1052, 1055–56 (2d Cir.1979). If collateral relief is denied, he must then "employ[ ] all the state appellate procedures available for review of such denial" in order to satisfy the exhaustion requirement. *Klein v. Harris*, 667 F.2d at 283; *Forman v. Smith*, 482 F.Supp. 941, 946 (W.D.N.Y.1979), *rev'd on other grounds*, 633 F.2d 634 (2d Cir.1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981).

2. Petitioner contends that the admission of a handkerchief into evidence deprived him of a fair trial. He claims that the exhibit was fraudulent because newspaper rolled up in it bore a date subsequent to the date of the crime; the handkerchief, however, was admitted at trial without objection as one that was the same as *or similar to* the one left with Mr. Seales. Tr. at 19.

In the present case, petitioner argues that he exhausted his last three claims by filing a pre-sentence motion to vacate the verdict and for a new trial.[3] That argument lacks merit for two reasons. First, only claim five was presented to the state court in that motion. Thus, claims four and six would be unexhausted in any event. Second, the trial court's denial of petitioner's motion merely satisfied the first prong of the exhaustion requirement; he was also required to appeal the denial of that motion. *See Klein v. Harris,* 667 F.2d at 283–84 & n. 5. There is nothing in the record before this Court to suggest that petitioner did so.[4]

### CONCLUSION

The Court finds that petitioner's fourth, fifth, and sixth claims in support of this petition are not exhausted. Since this is a "mixed petition," presenting both exhausted and unexhausted claims, it must be dismissed pursuant to *Rose v. Lundy,* 455 U.S. 509, 520–22, 102 S.Ct. 1198, 1204–05, 71 L.Ed.2d 379 (1982), unless an amended petition is filed within thirty days omitting the unexhausted claims.

It is SO ORDERED.

---

**3.** Petitioner contends that he filed that motion pursuant to N.Y.Crime.Pro.Law § 440.10. Letter to the Court dated May 19, 1983; *see* Petition para. 11(a). The Court, however, notes that it is more properly denominated as a motion pursuant to § 330.30. N.Y.Crim.Pro.Law § 330.30 (McKinney 1983) (motion to set aside verdict). Petitioner's motion was made prior to the entry of judgment and sentencing; section 440.10 motions may only be made *after* the entry of judgment.

**4.** Although no separate appeal lies from an order denying a motion pursuant to § 330.30, that determination is reviewable upon appeal from the judgment of conviction. *People v. Pollock,* 67 A.D.2d 608, 608, 412 N.Y.S.2d 12, 12–13 (1st Dep't 1979), *aff'd,* 50 N.Y.2d 547, 429 N.Y.S.2d 628, 407 N.E.2d 472 (1980); *see People v. Broome,* 21 A.D.2d 899, 899, 251 N.Y.S.2d 747, 749 (2d Dep't 1964); *rev'd on other grounds,* 15 N.Y.2d 985, 260 N.Y.S.2d 6, 207 N.E.2d 603 (1965).