Thomas IRVING, Petitioner,

v.

Theodore C. REID, Superintendent, of the Fishkill Correctional Facility, et al., Respondents.

No. 84 Civ. 5783 (KTD).

United States District Court,
S.D. New York.

Nov. 20, 1985.

Thomas Irving, pro se.

Patrick Henry, Dist. Atty. of Suffolk County, Riverhead, N.Y. (Patricia A. Murphy, Asst. Dist. Atty., of counsel), for respondents.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

*Pro se* petitioner, Thomas Irving, seeks a writ of habeas corpus to set aside a judgment of conviction entered against him by the Supreme Court of Suffolk County (Jaspan, J.) after a jury trial, on December 3, 1981. Irving was convicted of Criminal Possession and Sale of a Controlled Substance in the Second Degree. He was sentenced to concurrent indeterminate terms of incarceration for three years to life.[1] The Appellate Division, Second Department, unanimously affirmed Irving's conviction on February 22, 1983. Leave to appeal to the New York Court of Appeals was denied on March 30, 1983. Irving's subsequent *coram nobis* application to vacate his conviction pursuant to N.Y.Crim. Proc.Law 440.10 was denied on July 25, 1983. Irving has not challenged that order.

Irving sets forth four grounds in support of his contention that he was deprived of due process and a fair trial. He claims (1) that he was incompetent to stand trial and was denied a full opportunity to challenge the results of examining psychiatrists; (2) that there was insufficient evidence to establish his guilt beyond a reasonable doubt; (3) that the prosecutor's inflammatory opening statement deprived him of a fair trial; and (4) that the trial judge improperly intervened in the proceedings, thus bolstering the People's case.

 A petition for a writ of habeas corpus will only be granted if the petitioner has exhausted all of his state remedies. 28 U.S.C. § 2254(b) and (c).[2] The exhaustion doctrine provides that, in the interests of both comity and expeditious federal review, the state courts must be afforded an adequate opportunity to pass on the federal claims with which petitioner seeks to upset the state conviction. *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190–91 (2d Cir.1982). Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a habeas petition must be dismissed if it contains any unexhausted claim. 455 U.S. at 522, 102 S.Ct. at 1205.

 To be considered exhausted, a claim must not only have been "fairly presented" to the state court,[3] but it must also have been presented "to the highest state court from which a decision can be had." *Daye*, 696 F.2d at 190 n. 3 (citation

---

1. Since the filing of this petition Irving has been released from the Edgecombe Correctional Facility and is currently on parole.

2. The exhaustion requirement of the federal habeas corpus statute is set forth in 28 U.S.C. §§ 2254(b) and (c) which provide as follows:

 (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

 (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this

section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3. "[T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Daye v. Attorney General of the State of New York,* 696 F.2d at 194.

omitted). It should be noted, however, that "a petitioner need not give the state court system more than one full opportunity to rule on his claims; if he has presented his claims to the highest state court on direct appeal he need not also seek state collateral relief." *Id.* at 190–91 n. 3 (citations omitted).

Of petitioner's four claims, grounds three and four were raised on direct appeal to the appellate division where his conviction was unanimously affirmed. Leave to appeal to the New York Court of Appeals was subsequently denied. Thus, petitioner has satisfied, albeit marginally,[4] the exhaustion requirement with respect to grounds three and four.

Petitioner's first and second grounds, however, were not asserted on his direct appeal. "A petitioner who has failed to exhaust state remedies by pursuing a direct appeal must utilize available state methods for collaterally attacking his state conviction. *Klein v. Harris,* 667 F.2d [274, 282–83 (2d Cir.1981) ]; *see Johnson v. Metz,* 609 F.2d 1052, 1055–56 (2d Cir.1979)." *Hill v. Snow,* 590 F.Supp. 1157, 1159 (S.D.N.Y. 1984). Petitioner did collaterally attack his conviction by filing a *coram nobis* application pursuant to N.Y.Crim.Proc.Law § 440.10. However, although the first ground of the instant petition was asserted as part of the *coram nobis* application, the second ground was not. Thus, as it is apparent that petitioner never asserted his second claim to the state courts, this claim must be considered unexhausted. Moreover, petitioner did not appeal the denial of his *coram nobis* application alleging "[i]t was futile." Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ¶ 11(e). When the relief sought by the collateral attack is denied, petitioner must "employ[ ] all the

state appellate procedures available for review of such denial" in order to satisfy the exhaustion requirement. *Klein v. Harris,* 667 F.2d at 283 (citations omitted). Accordingly, as petitioner did not appeal the denial of his collateral attack, his first claim must also be considered unexhausted.

In sum, the petition contains both unexhausted and exhausted claims. Under *Rose v. Lundy,* 455 U.S. at 522, 102 S.Ct. at 1205, the petition must be dismissed in its entirety.

SO ORDERED.

---

4. Grounds three and four of the present petition are basically restatements of Points II and IV of petitioner's state appeal. Whether grounds three and four were "fairly presented" to the state courts as federal constitutional claims is an arguable question in that these claims were advanced as essentially evidentiary or procedural errors under state law. However, given the

language in petitioner's point headings regarding these claims, I find that the state courts were given sufficient notice of the constitutional dimensions of petitioner's claims. Following a description of the allegedly improper acts, each of the relevant point headings ends with the phrase "deprived Appellant of his Due Process right to a fair trial."