■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO RODRIGUEZ, Also Known as ANGEL RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered August 21, 1984, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and a new trial ordered. No issues of fact have been raised or considered.

In ruling upon the defendant's *Sandoval* motion, Criminal Term specifically found the use of the defendant's prior convictions to be prejudicial, but nonetheless ruled that it would allow testimony concerning such convictions into evidence to show the defendant's predisposition to commit the crime of criminal possession of a weapon. We find the ruling of the trial court to be incorrect.

Although a defendant who exercises his constitutional right to testify may be cross-examined in good faith concerning his prior immoral, vicious or criminal conduct if it has a bearing on his credibility as a witness, a prosecutor may not so question a defendant simply to prove a propensity to commit the crime for which he is on trial. One may not be convicted of one crime because he committed another *(see, People v Mayrant,* 43 NY2d 236, 239). The trial court not only failed to follow these basic propositions of law in making its ruling, but also failed to properly weigh whether the apprehension of the introduction of the prior convictions of the defendant would deter him from taking the stand and thereby deny the jury significant material evidence *(see, People v Sandoval,* 34 NY2d 371, 376). Therefore, the trial court's ruling on the defendant's *Sandoval* motion was erroneous *(see, People v Brown,* 84 AD2d 819, 820).

Because of the ruling, the defendant, who was the only witness available to the defense who had actual knowledge of the facts surrounding the commission of the alleged crime, did not testify. Under the facts of this case, the exclusion of the defendant's testimony prevented the defendant from receiving a fair trial and the error may not be considered harmless *(see, People v Mayrant, supra,* p 240). Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.