■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRISON HUMPHREY, Also Known as EUGENE JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered October 30, 1985, convicting him of attempted rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no abuse of discretion in the trial court's decision on the defendant's *Sandoval* application that the probative worth of evidence of certain past convictions on the issue of the defendant's credibility outweighed the risk of unfair prejudice to him *(see, People v Pavao,* 59 NY2d 282, 292; *People v Williams,* 56 NY2d 236, 239; *People v Bennette,* 56 NY2d 142, 146-147; *People v Pollock,* 50 NY2d 547, 550; *People v Sandoval,* 34 NY2d 371).

The defendant's contention that his guilt was not proven beyond a reasonable doubt because the complainant was not a credible witness is without merit. Our review of the record indicates that there were no material inconsistencies in the complainant's testimony and the jury was made fully aware of her background. We further note that the complainant's testimony was strong and unshaken despite extensive cross-examination. Resolution of the issues of credibility as well as the weight to be accorded to the evidence presented are matters properly within the province of the trier of fact whose determination should not be overturned lightly on appeal *(see, People v Bauer,* 113 AD2d 543, 551, *lv denied* 67 NY2d 648, 67

NY2d 880). When viewed in the light most favorable to the People *(see, People v Lewis,* 64 NY2d 1111, 1112; *People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Bauer, supra)* the evidence was sufficient in quantity and quality to support the verdict *(see, People v Fuller,* 50 NY2d 628, 637; *People v Gruttola,* 43 NY2d 116, 122; *People v Bauer, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.