Douglas GRANT, Petitioner,

v.

Marion HOPKINS, Warden,
Respondent.

No. 87 Civ. 5873 (JES).

United States District Court,
S.D. New York.

March 15, 1988.

Douglas Grant, pro se.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, Marc Frazier School, Asst. Dist. Atty. (Jamie L. Kogan, Paralegal Asst., of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, petitioner *pro se* Douglas Grant seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982).[1] The petition was referred to a Magistrate for report and recommendation. The Magistrate recommended that the petition be dismissed for lack of exhaustion due to the pendency of petitioner's direct appeal. *See* Report and Recommendation ("Report") at 3–4. The Court has reviewed petitioner's objections to the Magistrate's Report in accordance with 28 U.S.C. § 636(b) (1982). For the reasons set forth below, the Court concludes that the petition must be dismissed.[2]

## BACKGROUND

Petitioner was convicted of rape, attempted murder, and other crimes on July 18, 1986 in New York Supreme Court. *See* Petition at 2. Petitioner moved to vacate his conviction pursuant to N.Y.Crim. Proc.Law § 440.10 (McKinney 1983), but that motion was denied on April 24, 1987 by the Honorable Clifford Scott. *See* Petition at 4; Response, Ex. B.

Subsequently, petitioner presented two petitions to the Appellate Division pursuant to Article 78 of the New York Civil Practice Law and Rules. In neither of these petitions did petitioner attempt to appeal from Judge Scott's denial of the § 440.10 motion.[3] These writs were denied by orders

---

1. In support of his petition, petitioner alleges ineffective assistance of counsel, denial of the right to present his cause *pro se,* failure of the prosecutor to turn over requested *Brady* materials, denial of a competency hearing, denial of a probable cause hearing, prosecutorial misconduct, and failure of the prosecutor to "controvert the truthfulness of petitioner's 440.10 motion." *See* Petition at 5–6, 8.

2. Petitioner also seeks an order directing that he be transferred back to Rikers Island, where he was incarcerated at the time the petition was filed. Petitioner bases his application on "Rule 23," which is apparently a reference to Fed.R. App.P. 23(a). That rule governs transfers of habeas petitioners "[p]ending review of a deci-

sion in habeas corpus." Because petitioner has failed to exhaust his state remedies and because even a transfer in violation of Rule 23(a) does not divest a habeas court of its jurisdiction, petitioner's application is denied. *See Goodman v. Keohane,* 663 F.2d 1044, 1047 (11th Cir.1981); *see also Moorish Science Temple of America, Inc. v. Smith,* 693 F.2d 987, 988 n. 2 (2d Cir.1982).

3. The first Article 78 petition, seeking an order in the nature of a writ of prohibition, challenged Judge Scott's failure to dismiss the indictment pursuant to N.Y.Crim.Proc.Law § 210.45(4). *See* Petition, Ex. A–1. The second Article 78 petition sought an order in the nature of a writ of mandamus directing Judge Scott to

dated April 30, 1987 and June 11, 1987, *see* Petition, Ex. A–1 & C, and leave to appeal the April 30 order to the New York Court of Appeals was denied on June 30, 1987, *see id.,* Ex. D.

A notice of appeal of petitioner's conviction has been filed by Legal Aid, but that appeal has apparently not been perfected. *See* Response, Ex. C. Notwithstanding the pendency of that appeal, petitioner filed a habeas petition before Judge Brieant of this Court, which was denied on June 5, 1987 without prejudice to the filing of a new applicaton once all available state remedies had been exhausted. *See Grant v. Hopkins,* 87 Civ. 3920 (S.D.N.Y.1987). The instant petition followed.

## DISCUSSION

Before a federal court may consider a petition for habeas corpus, petitioner must demonstrate that he has exhausted available state remedies. 28 U.S.C. § 2254(b) (1982); *see Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982); *Daye v. Attorney General,* 696 F.2d 186, 190 (2d Cir.1982) (en banc), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

The Magistrate concluded that because petitioner had not perfected his direct appeal, he had not exhausted his state remedies. *See* Report at 3. Subsequently, petitioner filed his objections, arguing that the grounds he alleges in support of his petition can only be raised collaterally, and that those same grounds were raised in his § 440.10 motion. *See* Objections at 1–2.

Assuming *arguendo* that petitioner is correct in his assertion that the grounds alleged in support of his petition are not reviewable on direct appeal, petitioner has still not exhausted his state remedies because he has not attempted to appeal the denial of his § 440.10 motion. *See Irving v. Reid,* 624 F.Supp. 787–89 (S.D.N.Y.1985); *see also Klein v. Harris,* 667 F.2d 274, 282–83 (2d Cir.1981). Thus, even if petitioner's claims have been "fairly present-

ed" to the state court, they have not been presented "to the highest state court from which a decision can be had," and so petitioner has not exhausted his state remedies. *See Irving, supra,* 624 F.Supp. at 787–88 (quoting *Daye, supra,* 696 F.2d at 190 n. 3). The petition must, therefore, be dismissed.

## CONCLUSION

For the reasons set forth *supra,* the petition in the above-captioned action is dismissed, without prejudice to refiling once state remedies are exhausted.

It is SO ORDERED.

show cause why the District Attorney had not delivered certain *Rosario* material in connection with the § 440.10 motion.