■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN MITCHELL, Appellant.—Judgment of the Supreme Court, New York County (Alfred Kleiman, J.), rendered on April 5, 1989, convicting defendant, after a jury trial, of the

crime of robbery in the third degree and which sentenced him as a persistent violent felony offender to a term of 2 to 4 years' imprisonment, unanimously affirmed.

In response to defendant's *Sandoval* motion *(People v Sandoval,* 34 NY2d 371), the trial court ruled that it would permit the District Attorney to cross-examine the defendant in regard to his non-drug-related convictions within the previous 10 years solely to the extent of permitting "the People to ask him the question whether he's ever been convicted of more than a dozen crimes including one felony, some of which involve theft of property."

In *People v Sandoval (supra,* at 375), the Court of Appeals stated that upon an application to limit the use of prior convictions of a defendant on his cross-examination "a balance must here be struck between the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility on the one hand, and on the other the risk of unfair prejudice to the defendant, measured both by the impact of such evidence if it is admitted after his testimony and by the effect its probable introduction may have in discouraging him from taking the stand on his own behalf." *(See also, People v Mayrant,* 43 NY2d 236, 239-240.) In his *Sandoval* ruling, the trial court undertook to apply a balancing process that would permit the prosecutor to bring out the fact of defendant's prior criminal convictions without the jury learning the details and full extent thereof. In the instant case, the evidence of the defendant's guilt was overwhelming, and we see little reason to believe that a more restrictive *Sandoval* ruling on the issue would have affected the result *(see, People v Shields,* 46 NY2d 764). Concur— Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.