■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK FAETH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered September 17, 1984, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence The appeal brings up for review the denial, after a hearing (Dufficy, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Having made inculpatory statements admitting that he killed an 11-year-old child, the defendant sought to have the statements suppressed on the ground that they were involuntarily made.

Based on our review of the testimony adduced at the *Huntley* hearing, we conclude that the hearing court correctly denied suppression. According much weight to the determination of the suppression court, which had the advantage of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761), we find that the defendant was properly advised of his constitutional rights pursuant to *Miranda v Arizona* (384 US 436), which he waived prior to making the statements.

The defendant also objects to the court's *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371) that, in the event the defendant chose to testify at trial, the prosecutor would be allowed to cross-examine him regarding three previous theft-related convictions. We find that the record reflects that, in denying the People the right to inquire into two other convictions, the court weighed the probative worth of the defendant's prior criminal record as to the issue of credibility against the risk of unfair prejudice to the defendant *(see, People v Mayrant,* 43 NY2d 236). Accordingly, we find nothing improper in the court's ruling.

We have reviewed the defendant's remaining contentions and find that none warrant reversal. Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.