■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JANET ROSENBLATT and GERALD NAHAY, Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANET ROSENBLATT, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD NAHAY, Appellant. [717 NYS2d 9] —Order, Supreme Court, New York County (John Bradley, J.), entered on or about January 20, 1999, which, *inter alia*, granted defendants' motions to set aside a jury verdict convicting them of two counts of failure to collect sales tax and four counts of willfully failing to file a tax return, and dismissed those counts, and judgments, same court and Justice, rendered same date, convicting defendants of twelve counts of selling tickets in violation of the maximum premium price and one count of aggravated ticket speculation, and imposing fines, unanimously affirmed.

Contrary to the People's contention, the court properly entertained defendants' motions to set aside the verdict since defendants' objections to the court's charge preserved the

pertinent issue raised in such motion for review as a matter of law (CPL 330.30 [1]; 470.05 [2]). The court properly considered extrinsic material in interpreting the tax laws in question. In light of rulings and opinions from the New York State Department of Taxation and Finance, as well as the fact that legislation is pending to include the markups charged by brokers such as defendants within the tax laws, we agree with the court that such laws do not currently require a sales tax to be paid on receipts derived from the resale of tickets to sports and entertainment events. Contrary to the People's argument, we find no basis for distinguishing, for Tax Law purposes, between tickets resold in compliance with or in violation of the "anti-scalping" price restrictions contained in article 25 of the Arts and Cultural Affairs Law. Accordingly, the court properly granted defendants' motion to set aside that portion of the verdict convicting them of the sales tax counts of the indictment and dismissed those counts.

However, the court properly denied defendants' motions with respect to the remaining convictions. To the extent that defendants denominate their cross-appeal an appeal from that portion of the order denying their motion as to such convictions, such purported appeal is subsumed in their appeal from the judgment of conviction (CPL 450.10; *People v Pollock*, 67 AD2d 608, *affd* 50 NY2d 547; *compare*, CPL 450.20 [3]). The maximum ticket price restrictions contained in article 25 of the Arts and Cultural Affairs Law are not unconstitutional (*see, Gold v DiCarlo*, 235 F Supp 817, *affd* 380 US 520; *People v Concert Connection*, 211 AD2d 310, *appeal dismissed* 86 NY2d 837).

We have considered and rejected the parties' remaining arguments for affirmative relief. Concur—Mazzarelli, J. P., Lerner, Rubin, Buckley and Friedman, JJ.