OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, and the matter is remitted to the Criminal Court for a new trial.
According to the accusatory instrument, on November 18, 2008, a domestic incident occurred between defendant, Terrance Smith, and his wife, the complainant, Evelyn Smith, wherein defendant allegedly punched the complainant in the head repeatedly. After a nonjury trial, defendant was convicted of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]). Defendant’s arguments on appeal are limited to the propriety of a Molineux ruling (People v Molineux, 168 NY 264 [1901]) and a Sandoval ruling (People v Sandoval, 34 NY2d 371 [1974]), and the propriety of the Criminal Court’s decision not to allow defendant to introduce certain text messages into evidence.
Evidence of uncharged crimes or bad acts is generally inadmissible to establish a defendant’s propensity to engage in criminal behavior (see People v Molineux, 168 NY 264 [1901]). Only when “it helps to establish some element of the crime *22 under consideration” and its probative value for that legitimate purpose “exceeds the potential for prejudice resulting to the defendant” may such evidence be admitted (People v Alvino, 71 NY2d 233, 242 [1987]).
Here, evidence that defendant assaulted his wife on three prior occasions had little probative worth and was highly prejudicial. All three incidents were close in time to the crime charged and involved facts that virtually mirrored the instant crime. Since there was no material issue as to defendant’s motive, intent, or identity, nothing in the evidence presented could be construed as establishing some element of the crime charged. To the contrary, the striking similarities between the uncharged crimes and the instant crime “ ‘raise an inference that . . . defendant is of a criminal disposition and, therefore, likely to have committed the crime charged’ ” (People v Vargas, 88 NY2d 856, 858 [1996], quoting People v McKinney, 24 NY2d 180, 184 [1969]). In these circumstances, where the potential for prejudice far outweighed the probative value of the evidence, the Criminal Court improvidently exercised its discretion in admitting evidence of defendant’s uncharged crimes.
Similarly, the Criminal Court improvidently exercised its discretion in admitting evidence of defendant’s prior conviction for assault. Defendant made a Sandoval application to prevent the prosecution from introducing his past convictions and their underlying facts for impeachment purposes, should he choose to testify. These included an attempted robbery conviction in 1981, an assault conviction in 1989, a petit larceny conviction in 1989, a fraud conviction in 1989, and a criminal mischief conviction in 1993. The Criminal Court granted the application with respect to all of the convictions except for the 1989 assault, about which it allowed the People to cross-examine defendant. The court found that the assault conviction was probative of defendant’s veracity because it indicated his willingness to put his own interests above society’s.
If a past crime is minimally probative of a defendant’s present credibility and highly prejudicial due to its similarity to the charged offense, the court should exclude it (see People v Dickman, 42 NY2d 294, 297 [1977] [precluding cross-examination about a past reckless driving conviction during a reckless driving case]; People v Caviness, 38 NY2d 227, 232-233 [1975] [precluding cross-examination about a gun possession conviction during a manslaughter case]). When a court fails to exercise its discretion by carefully weighing the competing factors, or *23 when it reaches an unwarranted conclusion, it commits legal error (see People v Davis, 44 NY2d 269 [1978]; People v Mayrant, 43 NY2d 236 [1977]).
The only conviction allowed by the court’s Sandoval ruling was the one most like the current offense. The convictions disallowed were dissimilar to the current offense and yet were probative of defendant’s lack of veracity. Thus, the Criminal Court’s Sandoval ruling was counter to any reasonable balancing of the relevant factors, and the prosecution’s improper use of the past assault conviction to imply propensity was not harmless (see e.g. People v Mayrant, 43 NY2d 236 [1977]).
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Criminal Court for a new trial.
Pesce, EJ., Weston and Rios, JJ., concur.