People v Taylor (2020 NY Slip Op 04790)





People v Taylor


2020 NY Slip Op 04790


Decided on August 26, 2020


Appellate Division, Second Department


Chambers, J.P., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-14464
 (Ind. No. 1107/17)

[*1]The People of the State of New York, appellant-respondent,
v
Jamal Taylor, respondent-appellant.



APPEAL by the People and cross appeal by the defendant from an order of the County Court (Barbara Khan, J.), dated September 26, 2018, and entered in Suffolk County. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPL 330.30(1) to set aside a jury verdict convicting him of endangering the welfare of a child on legal sufficiency grounds. The order, insofar as cross appealed from, denied that branch of the defendant's motion which was pursuant to CPL 330.30(1) to set aside the verdict on a different ground.



Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty and Glenn Green of counsel), for appellant-respondent.
Christopher J. Cassar, Huntington, NY, for respondent-appellant.



CHAMBERS, J.P.


OPINION & ORDER
This appeal by the People and cross appeal by the defendant presents a rare opportunity to consider the circumstances under which a trial court, in reviewing the record on a motion pursuant to CPL 330.30(1) to determine whether a conviction on one count is supported by legally sufficient evidence, may consider a jury's factually inconsistent acquittal on another count.
The defendant was charged with two counts of rape in the third degree (Penal Law § 130.25[2]), three counts of criminal sexual act in the third degree (Penal Law § 130.40[2]), and two counts of endangering the welfare of a child (Penal Law § 260.10[1]). Insofar as relevant to this appeal, one of the two counts of endangering the welfare of a child (hereinafter count six) charged that the defendant, between October 2016 and May 2017, in Suffolk County, "knowingly acted in a manner likely to be injurious to the physical, mental, or moral welfare of [the complainant, a] child less than seventeen years old, . . . in that the defendant subjected [the complainant] to sexual conduct."
At trial, the complainant—who was born in 2001 and was the daughter of the defendant's girlfriend—testified that she and the defendant sometimes spent evenings alone together in her mother's house and would talk and "hang around." Over time, they grew closer together and began "like hug[ging] and stuff" and being "more touchy like that." However, after the complainant texted sexually explicit pictures of herself to the defendant, their relationship changed and the defendant became "pushy." The complainant further testified that, from October 2016 until May 24, 2017, the defendant engaged in sexual intercourse and oral sex with her in her mother's bedroom, as well as in her mother's car.
At the close of the People's case, defense counsel made a general motion to dismiss all counts of the indictment on the ground that "the evidence at trial was not legally sufficient to establish the . . . charges in the indictment or any lesser included offense." The motion was denied, [*2]and the defendant did not present a case.
As the rape and criminal sexual act counts did not contain any allegations of forcible compulsion, those counts were submitted to the jury based solely on the complainant's age at the time of the offenses, which rendered her incapable of giving her consent.
During deliberations, the jury sent out several notes, asking, among other things, for a read-back of the complainant's testimony, as well as the definition of "sexual conduct." The jury also asked whether the text messages between the complainant and the defendant could be used "as a basis for the sexual conduct" or to assess the "validity" of the complainant's testimony or "as a background to the nature of the relationship" between the complainant and the defendant. After consulting with counsel, the County Court responded to the jury's notes by ordering the requested read-back, and by giving the statutory definition of "sexual conduct," including the statutory definitions of the relevant terms used therein (see Penal Law § 130.00). The court then further instructed the jury that, in light of the statutory definition of "sexual conduct," it was evident that the text messages could not be used as a basis for the alleged sexual conduct. Finally, the court instructed the jury that the text messages could not be used in considering the validity of the complainant's testimony, or as direct evidence supporting the specific crimes alleged in the indictment, or for the purpose of proving that the defendant had a propensity or predisposition to commit the charged crimes. Rather, consistent with an earlier instruction given by the court when the text messages were first introduced into evidence, the court reiterated that they were offered solely "as necessary background material to explain the nature of the relationship between the defendant and the complaining witness and to complete the narrative."
The jury returned a verdict of guilty on count six and acquitted the defendant of all other charges. Shortly after the jury was discharged, defense counsel applied to set aside the verdict of guilty on count six as "inconsistent" with the acquittals on the counts of rape and criminal sexual act. The County Court invited both sides to submit their arguments in writing.
The defendant then formally moved to set aside the verdict pursuant to CPL 330.30(1), arguing that the jury's acquittal of the rape and criminal sexual act counts demonstrated that the evidence was also legally insufficient to support the jury's finding that the defendant had engaged in a "continuous course of sexual conduct" with the complainant. The defendant further claimed that he was deprived of a fair trial as a result of prosecutorial misconduct. The People opposed the motion, arguing that the defendant was not deprived of his right to a fair trial and that the jury's finding that he did not engage in conduct meeting the strict statutory definitions of sexual intercourse or oral sexual conduct was not inconsistent with a finding that the defendant engaged in other types of sexual contact sufficient to meet the broader statutory definition of sexual conduct (see Penal Law § 130.00[3], [10]).
In an order dated September 26, 2018, the County Court rejected the defendant's claim of prosecutorial misconduct but granted the branch of his motion which was to set aside the verdict as legally insufficient. The People appeal and the defendant cross appeals.
A motion made pursuant to CPL 330.30(1) must be based upon an on-the-record claim (see People v Wolf, 98 NY2d 105, 119) that "would require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30[1]; see People v Francis, 114 AD3d 699, 700).
As a threshold matter, to the extent the defendant's CPL 330.30(1) motion can be understood as raising an unpreserved repugnancy claim, the County Court was without power to consider it (compare People v Satloff, 56 NY2d 745, with People v DeLee, 24 NY3d 603, 606; see People v Sturges, 164 AD3d 616, 618-619).
Alternatively, to the extent the defendant's contention is predicated on a factual inconsistency in the verdict falling short of repugnancy, such a claim "does not provide a reviewing court with the power to overturn a verdict" (People v Abraham, 22 NY3d 140, 146 [internal quotation marks omitted]) and does not "undermine [the] verdict as a matter of law" (People v Muhammad, 17 NY3d 532, 540). Therefore, such an argument was simply not cognizable by the County Court (see CPL 330.30[1]).
However, the defendant contends that a factual inconsistency in the verdict may nevertheless, under appropriate circumstances, provide grounds for a reviewing court to "consider a jury's acquittal on one count in reviewing the record to determine if a factually inconsistent conviction on another count is supported by legally sufficient evidence" (People v Abraham, 22 NY3d at 147; see People v Rayam, 94 NY2d 557, 563 n; People v Yarrell, 75 NY2d 828, 829). As [*3]indicated above, there is some support in the case law for the defendant's contention—at least within the context of a direct appeal from the judgment of conviction, where this Court has both a unique power of factual review (see CPL 470.15[3][b]; [5]) as well as the discretionary authority, in the interest of justice, to reach unpreserved errors that deprived the defendant of a fair trial (see CPL 470.15[3][c]; 6[a]). However, we now explicitly hold that a trial court determining a motion pursuant to CPL 330.30 lacks the power to overturn a verdict on this ground where, as here, the contention does not present an issue that "would require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30[1]; see People v Sturges, 164 AD3d 616).
Indeed, the defendant made only a general, pro forma motion for a trial order of dismissal, which was insufficient to preserve his legal insufficiency claim (see People v Hawkins, 11 NY3d 484, 492). Nor did defense counsel ever timely ask the County Court, after the close of the evidence, to dismiss count six on the ground that there was no evidentiary basis upon which the jury could find the defendant guilty of that crime yet innocent of the higher rape and criminal sexual act charges (cf. People v Mussenden, 308 NY 558, 563). Even after the jury returned its verdict, defense counsel failed to register his factual inconsistency claim before the jury was discharged—which would have allowed the court one final opportunity to issue appropriate instructions and ask the jurors to continue their deliberations (see People v Abraham, 22 NY3d at 146; People v Muhammad, 17 NY3d at 545).
Whatever the ultimate merits of the defendant's self-styled legal insufficiency claim, one thing is clear: it does not require reversal or modification of the judgment as a matter of law and, therefore, cannot provide grounds to vacate the judgment of conviction under CPL 330.30. Accordingly, the County Court's order must be reversed insofar as appealed from.
Finally, the defendant's cross appeal from so much of the order as denied the branch of his CPL 330.30 motion which was based on alleged prosecutorial misconduct must be dismissed, as review of that determination, as well as this Court's exercise of its factual review power, must await the defendant's appeal as of right from the judgment of conviction (see CPL 450.10; People v Rosenblatt, 277 AD2d 61, 62; People v Pollock, 67 AD2d 608, affd 50 NY2d 547). We express no view on this issue.
Accordingly, the cross appeal is dismissed, the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was pursuant to CPL 330.30(1) to set aside the jury verdict convicting him of endangering the welfare of a child on legal sufficiency grounds is denied, the indictment and the verdict are reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.
MALTESE, LASALLE and CONNOLLY, JJ., concur.
ORDERED that the cross appeal is dismissed; and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was pursuant to CPL 330.30(1) to set aside the jury verdict convicting him of endangering the welfare of a child on legal sufficiency grounds is denied, the indictment and the verdict are reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.
ENTER:
Aprilanne Agostino
Clerk of the Court