THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES D. YALE, Appellant.

Fourth Department, October 24, 1975

*Nathaniel A. Barrell (Charles D. Halvorsen* of counsel), for appellant.

*Edward C. Cosgrove, District Attorney (Judith Blake Manzella* of counsel), for respondent.

CARDAMONE, J. The defendant, Charles D. Yale, appeals from a judgment of conviction rendered in Erie County Court following his plea to a reduced charge of attempted burglary in the third degree and attempted criminal possession of stolen property (both E felonies). Since the defendant had a previous felony conviction, he was sentenced to concurrent terms of not less than one and one-half nor more than three years as a second felony offender (Penal Law, § 70.06, subd 3, par [d]; subd 4).

### DEFENDANT'S CONTENTIONS

Defendant claims that the mandatory prison sentences of section 70.06 of the Penal Law provided for second felony offenders constitutes a denial of the equal protection of the laws when such is considered in relation to section 70.10 of the Penal Law which deals with persistent felony offenders. Defendant argues that section 70.10 grants discretion to the sentencing court in the sentence to be imposed which is not available to it under section 70.06 when sentencing a second felony offender. Thus, he contends, it is theoretically possible for a second felony offender to receive a longer term of imprisonment than a third or fourth (i. e., persistent) felony offender.

### STATUTES INVOLVED

Sections 70.00, 70.06 and 70.10 of the Penal Law are contained in article 70—Sentences of Imprisonment. As integral parts of a comprehensive sentencing scheme, they must be read together. When a court finds a person guilty as a second felony offender, it must impose a sentence of imprisonment (Penal Law, § 70.06, subd 2). We have previously held such mandated imprisonment constitutionally valid *(People v Butler,* 46 AD2d 422). Subdivision 2 of section 70.10 provides that when a court finds a person a persistent felony offender, "in lieu of imposing the sentence of imprisonment authorized by sections 70.00 or 70.06 for the crime of which such person presently stands convicted" the court may impose the sentence authorized for a Class A-1 felony. The question is whether the sentencing court, when not dealing with a persistent felony offender subject to extended incarceration and

lifetime supervision provided for in a Class A-1 felony has before it an *option* to sentence such offender under *either* sections 70.00 or 70.06. Sentences mandated under 70.06 when compared with those provided in 70.00 reflect that the minimum-maximum and the minimum-minimum sentences authorized are longer under 70.06 than under 70.00.[1] The option to sentence a persistent felony offender under 70.00 may raise a serious question of equal protection of the laws when contrasted with the mandatory sentence required to be imposed on a second felony offender under 70.06.

### LEGISLATIVE HISTORY OF 70.10

A brief review of the legislative history of section 70.10 sheds light on this subject. Sections 1940, 1941, 1942 of the former Penal Law contained mandatory imprisonment features which the draftsmen of the revised Penal Law desired to eliminate and to substitute instead discretionary persistent felony offender treatment for persons convicted of third and subsequent felonies. Such objective was accomplished through the enactment of the revised Penal Law (Practice Commentaries by Arnold D. Hechtman, McKinney's Cons. Laws of N.Y., Book 39, Penal Law, pp. 220, 221). Thus, prior to 1973, persistent felony offenders were sentenced under section 70.10 either to an indeterminate sentence as set forth under section 70.00 or in lieu thereof, under certain special circumstances, to the same sentence as for a Class A felony. In 1973, however, section 70.06 providing for mandatory imprisonment for second felony offenders was reinstated. As a result, at the 1973 Regular and Extraordinary Session of the Legislature subdivision 2 of section 70.10 was amended to add immediately following the sentence of imprisonment authorized by section 70.00 the words "or 70.06" (L. 1973, ch 277, § 10); and to substitute, consistent with the subclassifications of the A felony in chapter 276 of the Laws of 1973, "A-I" felony in place of "A" felony (L. 1973, ch 1051, § 4). A strong and persuasive argument can be made, therefore, that as a result

---

1. Authorized sentences under sections 70.06 and 70.00

| | | Maximum | | Minimum | |
|---|---|---|---|---|---|
| | | 70.06 | 70.00 | 70.06 | 70.00 |
| Felony B | | 9 to 25 — | 3 to 25 | 4½ to 12½ — | 1 to 8⅓ |
| | C | 6 to 15 — | 3 to 15 | 3 to 7½ — | 1 to 5 |
| | D | 4 to 7 — | 3 to 7 | 2 to 3½ — | 1 to 2⅓ |
| | E | 3 to 4 4 — | 1 to 4 | 1½ to 2 — | 1 to 1⅓ |

of the amendment which inserted 70.06 into 70.10, the legislative scheme providing for mandatory imprisonment for second felony offenders was extended to persistent felony offenders. Such would accord with the implicit language of this anti-recidivist section of the Penal Law.

## TESTS TO BE APPLIED

In reaching a decision on the question raised by defendant on this appeal, it must be kept in mind that it is the duty of the courts to construe a statute so as to avoid conflict with the Constitution whenever the statute can be fairly so construed and applied. As a corollary, where there are two possible interpretations of the legislative intent the court should adopt that construction which upholds the statute so long as it is reasonable and consistent with the legislative intent (McKinney's Cons. Laws of N.Y., Book 1, Statutes, § 150; *People v Kaiser,* 21 NY2d 86, 103; 8 N.Y. Jur., Constitutional Law, §§ 63, 64). Further, the burden of proving section 70.06 of the Penal Law unconstitutional when considered in relation to section 70.10 is one which rests heavily upon appellant *(People v Pagnotta,* 25 NY2d 333, 337). The yardstick to be applied by the court in its consideration of the statute under attack is whether the unconstitutionality of the statute is "clear" *(Garcia v Pan Amer. Airways,* 183 Misc 258, affd 269 App Div 287, affd 295 NY 852, cert den 329 US 741) and "without doubt" *(People v Crane,* 214 NY 154, 173, affd 239 US 195) and, if the proof in this regard is not clear, but only doubtful, the court will not declare a statute unconstitutional *(People v McNair,* 46 AD2d 476, affd 37 NY2d 100).

## AUTHORIZED SENTENCES MANDATED UNDER 70.10

With such rule of construction in mind, a reading of 70.10 reveals the following authorized sentences: where the person to be sentenced has been convicted of a B, C, D or E felony and is both a persistent felony offender as defined in 70.10 *and* a second felony offender as defined in 70.06, the sentencing court has but two sentences available: (1) a lifetime sentence, where the court is of the opinion that extended incarceration and lifetime supervision will best serve the public interest, may be imposed as authorized by section 70.00 as for a Class A-I felony; or (2) a sentence under 70.06. Under the same

felony convictions (B, C, D or E) where the person appearing for sentencing is a persistent felony offender *but not* a second felony offender (e.g., two convictions and time served thereon are more than 10 years ago and he has no conviction and sentence within 10 years of the felony for which he is not convicted), the sentencing court again has but two options available under section 70.10. The first alternative is the same, i.e., a life sentence under A-I. But the second option is now solely under section 70.00, since the convicted person does not fall within the statutory definition of a second felony offender.[2] Finally, in those instances where the person stands convicted of a Class A-I, A-II or A-III felony regardless of whether he is a persistent and second felony offender, only a persistent felony offender or simply a first time felony offender, the sentencing court plainly may not impose a sentence under section 70.06 which excludes by definition one convicted of a Class A felony from its provisions (Penal Law, § 70.06, subd 1, par [a]). Rather, the sentencing court may only impose the sentence provided for "A" felonies under section 70.00[3] (§ 70.00, subd 3, par [a]).

The legislative scheme is clear. A reasonable construction of the statute does not permit the unconstitutional result defendant posits. Since the only available sentences for a persistent felony offender under 70.10 are the same as or longer than those imposed upon a second felony offender under 70.06, there is no denial of equal protection of the law in the statutory sentencing scheme set forth in sections 70.00, 70.06 and 70.10 of the Penal Law or in its application to this case.

Consequently, the judgment of conviction should be affirmed.

MARSH, P. J., SIMONS, GOLDMAN and WITMER, JJ., concur.

Judgment unanimously affirmed.

---

2. For the Legislature to determine that a person who has been convicted of two felonies within 10 years should be subjected to the possibility of a longer minimum sentence than one who has committed two or more felonies many years ago and now recently another appears to us to be a reasonable and rational classification fully within the legislative competence.

3. With the single exception that a persistent felony offender convicted of an A-II or A-III felony may, under 70.10, receive an A-I sentence under 70.00 where extended incarceration lifetime supervision is indicated and such reasons are set forth in the record (Penal Law, § 70.10, subd 2).