■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SAILOR, Also Known as LEROY COOPER, Appellant. — Appeal by defendant from a resentence of the County Court, Westchester County (Martin, J.), imposed October 7, 1982, upon his adjudication as a second felony offender, the resentence being two terms of imprisonment of 12½ to 25 years, three terms of imprisonment of 7½ to 15 years, and three terms of imprisonment of 3½ to 7 years, all terms to run concurrently with each other. ¶ Resentence affirmed. ¶ On May 21, 1979, judgment was rendered convicting defendant in the State of New York of the crimes, *inter alia,* of assault in the first degree, attempted assault in the first degree, and robbery in the first degree, and sentencing him in purported compliance with CPL 400.20 as a persistent felony offender. On appeal, we modified to the extent of vacating the sentences imposed upon his convictions, and remitting the matter to the County Court, Westchester County, for a new hearing on the question of the defendant's status as a persistent felony offender (*People v Sailor,* 85 AD2d 746). On July 29, 1982, a hearing was held and it was determined, *inter alia,* that the defendant was not a persistent felon (Penal Law, § 70.10). The prosecution was thereupon granted leave to file a second felony offender statement against the defendant (CPL 400.21, subd 2), and in August, 1982, a statement was filed in which it was contended that the defendant was a predicate felon based, *inter alia,* upon his 1969 Florida conviction of attempted robbery. A hearing was held on October 6, 1982, and at the conclusion of that hearing, the defendant was determined to be a second felony offender based upon the foregoing Florida conviction. He was sentenced accordingly on October 7, 1982. In our view, the defendant was

properly sentenced as a second felony offender. ¶ Subdivision 1 of section 70.06 of the Penal Law provides, in pertinent part, that: ¶ "(a) A second felony offender is a person, other than a second violent felony offender as defined in section 70.04, who stands convicted of a felony defined in this chapter, other than a class A-I felony, after having previously been subjected to one or more predicate felony convictions as defined in paragraph (b) of this subdivision. ¶ "(b) For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply: ¶ "(i) The conviction must have been in this state of a felony, or in *any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed"* (emphasis supplied). ¶ The Florida robbery statute under which the defendant was convicted (Fla Stats Ann, former § 813.011) then provided: "[w]hoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be guilty of a felony of the first degree, punishable by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court". Our own statute (Penal Law, § 160.05) pertinently provides that "[a] person is guilty of robbery in the third degree [a class D felony] when he forcibly steals property", while the concept of "forcible stealing" is itself defined in the following manner (Penal Law, § 160.00): ¶ "A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: ¶ "1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or ¶ "2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny". ¶ Our comparison of these statutes (see *People v Martin,* 81 AD2d 765; see, also, *People v Kruszeski,* 87 AD2d 638) reveals that the defendant's 1969 Florida conviction was for a crime for which a sentence of imprisonment in excess of one year was authorized under both Florida and New York law, and that he was therefore properly adjudicated a second felony offender (Penal Law, § 70.06, subd 1, par [b], cl [i]). *Flagler v State of Florida* (198 So 2d 313 [Fla]) is not to the contrary, as the Supreme Court of Florida did not therein construe its robbery statute as eliminating the requirement that the victim of a robbery be put in fear by the use or threatened use of force. The specific question before the court at that time was whether the evidence adduced at the defendant's trial was legally sufficient to establish that his alleged victim had actually been put in fear by him prior to the asportation of her property, and the Supreme Court of Florida answered that question in the affirmative. The Supreme Court of Florida has, however, on other occasions specifically held that the "nice" distinction between a robbery and a larceny is the addition to the mere "taking" of a contemporaneous or precedent use of force, violence or an inducement to fear for one's physical safety, and that any degree of force will suffice to convert a larceny into a robbery (see *McCloud v State of Florida,* 335 So 2d 257 [Fla]; *Montsdoca v State of Florida,* 84 Fla 82). As thus construed, it is clear that the defendant's 1969 Florida conviction would constitute a felony under New York law (Penal Law, § 70.06, subd 1). ¶ We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.