**James SAILOR, Petitioner,**

v.

**Charles SCULLY, Warden of Greenhaven Correctional Facility, Drawer B, Stormville, New York, Respondent.**

No. 86 Civ. 1826 (IBC).

United States District Court, S.D. New York.

July 18, 1986.

James Sailor, pro se.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N.Y., for respondent; Richard E. Weill, Asst. Dist. Atty., of counsel.

## OPINION

IRVING BEN COOPER, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The relevant procedural history of petitioner's case follows:

In 1969 petitioner was convicted of attempted robbery and aggravated assault in Duval County, Florida, and in 1971 in Bay County, Florida he was convicted of escape. On February 2, 1979, following a jury trial in the County Court, County of Westchester, State of New York, petitioner was convicted on nine counts: two counts of attempted assault in the first degree, two counts of assault in the first degree, two counts of robbery in the first degree, two counts of criminal possession of a weapon in the second degree, and one count of grand larceny in the second degree. On May 21, 1979, following a hearing ("the first hearing"), petitioner was found to be a persistent felony offender pursuant to N.Y. C.P.L. 400.20 based upon his previous Florida convictions. Accordingly, he was sentenced to serve eight concurrent indeterminate terms of imprisonment from 20 years to life. (Affirmation in Opposition (dated May 6, 1986) at 2)

On petitioner's direct appeal, the Appellate Division of the Supreme Court of the State of New York, Second Department, affirmed the conviction but modified the judgment by vacating the imposed sentence on the ground that the trial judge failed to follow proper procedures during the persistent felony offender hearing. The case was remanded to redetermine petitioner's status and sentence. *People v. Sailor*, 85 A.D.2d 746, 449 N.Y.S.2d 646 (2d Dep't 1981).

A second hearing was conducted ("the second hearing") on July 29, 1982 at which the trial court held that petitioner was not a persistent felony offender. After a presentence report was ordered, petitioner was instead classified at a third hearing ("the third hearing") as a second felony offender pursuant to N.Y.Penal Law 70.06 based solely upon his 1969 attempted robbery conviction in Florida. On October 7, 1982, petitioner was resentenced accordingly to serve two concurrent indeterminate terms of imprisonment of not less than three years six months and not more than seven years. (Affirmation in Opposition (dated May 6, 1986) at 2)

Petitioner appealed to the Appellate Division, Second Department his classification as a second felony offender. Three of the claims he advanced in that appeal are again advanced in his present application for a writ of habeas corpus:

(1) that his sentencing as a second felony offender was a violation of the double jeopardy clauses of both the United States and New York Constitutions and of the doctrine of collateral estoppel since that classification was based upon one of the previous Florida convictions (attempted robbery); it was improper under these doctrines of law to introduce the 1969 attempted robbery conviction because the State had already failed, at the first and second hearings, to prove that petitioner was the same person who committed that offense;

(2) that the protections of double jeopardy and collateral estoppel were triggered at the point the original jeopardy was terminated (when the State failed to prove at the second hearing that petitioner was the same person convicted of the previous offense in Florida); that it makes no difference that the trial court erred at that hearing in ruling that the transcript of the first hearing was hearsay and thus not admissible as evidence; and

(3) that the trial judge's decision with respect to the length of petitioner's sentence was tainted by the Florida attempted robbery conviction where petitioner's right to assistance of counsel was violated as there was no record of counsel at the preliminary hearing for the Florida conviction nor was there any motion to suppress made with respect to a photographic identification.

On May 14, 1984, the Appellate Division affirmed the classification of petitioner as a

second felony offender and the subsequent resentencing. *People v. Sailor*, 101 A.D.2d 844, 475 N.Y.S.2d 876 (2d Dep't 1984).

On August 17, 1984, petitioner was granted leave to appeal to the New York Court of Appeals. On that appeal, petitioner raised the double jeopardy and collateral estoppel claims he had previously asserted, but he failed to raise the right to counsel issue. On June 4, 1985, the New York Court of Appeals affirmed the decision of the Appellate Division. *People v. Sailor*, 65 N.Y.2d 224, 480 N.E.2d 701, 491 N.Y. S.2d 112 (1985).

In his instant application, petitioner again alleges that his second felony offender status was determined in violation of his constitutional rights and that he was thus illegally sentenced. Petitioner asserts:

(1) that the double jeopardy clauses of both the United States and New York Constitutions and the doctrine of collateral estoppel barred relitigation at the third hearing of his previous Florida attempted robbery conviction since at the second hearing, the State did not sustain its burden of proving that petitioner was the same person who was convicted of attempted robbery in Florida;

(2) that it is irrelevant under the double jeopardy clause whether the trial court at the second hearing committed an evidentiary error in reaching its finding; and

(3) that the Florida attempted robbery conviction on which the second felony offender determination was based at the third hearing was obtained unconstitutionally as there was no record of counsel for petitioner at the preliminary hearing nor was there any motion to suppress made with respect to a photographic identification.

## DISCUSSION

It is a well-established doctrine of law that a state prisoner must exhaust all available state remedies before a federal court may consider granting habeas corpus relief. *Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981), *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30

L.Ed.2d 468 (1971), *Ex Parte Hawk*, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944), *Ex Parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). In 1948 Congress codified the exhaustion doctrine in 28 U.S.C. § 2254(b) and (c) which provides in pertinent part:

(b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court should not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise by any available procedure, the question presented.

The Supreme Court has interpreted the exhaustion doctrine to require that an applicant must exhaust *all* claims advanced in his petition in order to have any of his allegations considered by a federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). As our Circuit Court of Appeals stated in a recent case:

Where a petition containing exhausted and unexhausted claims is presented to a federal district court, that court must dismiss the petition thus giving the prisoner the option of returning to state court to litigate his unexhausted claims or amending his district court petition to delete them.

*Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir.1984) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). This extension of the exhaustion requirement was intended to promote the doctrine's purpose of "protecting the state court's role in the enforcement of federal law and preventing disruption of state judicial proceedings." *Rose, supra.*

The policy of dismissing a "mixed" petition (one containing both exhausted and unexhausted claims) in its entirety has been widely supported and applied since its inception in the *Rose* opinion. *See Dean v. Smith*, 753 F.2d 239 (2d Cir.1985); *Gulliver v. Dalsheim*, 687 F.2d 655 (2d Cir.1982); *Jacobson v. Henderson*, 591 F.Supp. 503 (S.D.N.Y.1984), *aff'd*, 765 F.2d 12 (2d Cir. 1985); *Cloud v. Scully*, 568 F.Supp. 1101 (S.D.N.Y.1983); *Guyton v. LeFevre*, 560 F.Supp. 1237 (S.D.N.Y.1983); *Taylor v. Scully*, 535 F.Supp. 272 (S.D.N.Y.1982).

Indeed, our Circuit has specifically stated that "... if the district court reaches the merits of a petition containing unexhausted claims, a court of appeals will remand the petition to the district court for dismissal." *Petrucelli, supra,* at 687. Consequently, it is imperative that we determine whether petitioner has exhausted his state remedies with regard to each individual claim advanced in his petition.

■ The Second Circuit has adopted a two-step analysis for deciding whether a habeas corpus petitioner has satisfied the necessary exhaustion requirement. First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal court. Second, having done this, petitioner "... must have utilized all available mechanisms to secure appellate review of the denial of that claim." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir.1981); *see Hill v. Snow*, 590 F.Supp. 1157 (S.D.N.Y.1984).

Thus, we must determine whether petitioner herein has satisfied the two-pronged test with respect to each of the three separate claims presented in his application. We find that he has clearly met both parts of this test with respect to his first two claims; both were included in his direct appeal from the trial court to the Appellate Division, Second Department, where his resentence was affirmed, and again presented before the New York Court of Appeals, where an affirmance also resulted.

■ We have not yet completed our mission here. The procedural history herein compels our finding that petitioner failed to utilize all avenues of appeal available to him with respect to his third claim regarding denial of adequate representation of counsel in his Florida attempted robbery conviction. While petitioner raised this claim on appeal to the Appellate Division, he deleted it from his total argument before the New York Court of Appeals. Since the highest judicial tribunal in the State still presents an avenue of relief, petitioner has not satisfied the second prong of the exhaustion requirement, *i.e.,* that he employ all mechanisms available to obtain appellate review of the denial of his claim. *See Klein, supra; Hill, supra.*

In short, petitioner presents us with a "mixed" application containing both exhausted and unexhausted claims. Pursuant to *Rose v. Lundy, supra,* and its progeny, we are constrained to, and do, dismiss the petition.

## CONCLUSION

In accordance with the foregoing, the instant application is dismissed in its entirety.

SO ORDERED.