James SAILOR, Petitioner–Appellee,

v.

Charles SCULLY, Superintendent, Green Haven Correctional Facility, Robert Abrams, Attorney General of the State of New York, Respondents–Appellants.

No. 346, Docket 87–2289.

United States Court of Appeals, Second Circuit.

Argued Oct. 27, 1987.

Decided Dec. 30, 1987.

Richard E. Weill, Deputy Dist. Atty., White Plains, N.Y. (Carl A. Vergari, Dist. Atty., White Plains, N.Y., on the brief), for respondents-appellants.

David B. Weisfuse, Legal Aid Society of Westchester County, White Plains, N.Y., for petitioner-appellee.

Before FEINBERG, Chief Judge, NEWMAN and WINTER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal by officials of the State of New York presents primarily an issue concerning the application of the Double Jeopardy Clause to sentencing proceedings. The issue arises on an appeal by Charles Scully, the Superintendent of Green Haven Correctional Facility, and Robert Abrams, Attorney General of New York, from a judgment of the District Court for the Southern District of New York (Irving Ben Cooper, Judge). The judgment conditionally granted an application for a writ of habeas corpus submitted by James Sailor, discharging him from custody unless the State resentenced him within ninety days. Sailor had been convicted of various state offenses including robbery and assault and sentenced as a second felony offender to serve not less than twelve and one-half and not more than twenty-five years in prison. The District Judge ruled that the enhanced sentence as a second felony offender violated the Double Jeopardy Clause because the enhancement was based on a Florida judgment of conviction that had been ruled inadmissible at a prior hearing at which the State had unsuccessfully sought to have Sailor sentenced as a persistent felony offender. We conclude that the renewed attempt to enhance Sailor's sentence did not violate the Double Jeopardy Clause, and we therefore reverse.

## Statutory Provisions

Consideration of this appeal requires detailed understanding of two aspects of New York's statutory scheme for enhanced sentencing of those who have one or more prior felony convictions—the persistent felony offender provision, N.Y. Penal L. § 70.10 (McKinney 1987), and the second felony offender provision, *id.* § 70.06. Both provisions apply only to those being sentenced for commission of a felony. The authorized punishment for a persistent felony offender is an indeterminate sentence with a minimum term of not less than fifteen nor more than twenty-five years

and a required maximum term of life imprisonment. *Id.* §§ 70.00(2), (3)(a)(i), 70.-10(2). The authorized punishments for a second felony offender are indeterminate sentences with varying minimum and maximum terms depending on the seriousness of the present felony, or, for serious present felonies, a sentence of lifetime probation. *Id.* § 70.06(3), (4), (5). For appellee Sailor, whose most serious present offense is a Class B felony, the authorized punishment as a second felony offender is an indeterminate sentence with a maximum term of not less than nine and not more than twenty-five years and a minimum term of one-half the maximum term imposed. *Id.* § 70.06(3)(b), (4)(b).

The details of the two sentencing provisions, especially the differences between them, are pertinent to the issues on this appeal. The persistent felony offender provision applies to those who have committed at least two prior felonies; the second felony offender provision applies to those who have committed at least one prior felony. The number of prior felonies is not, however, the sole distinction between the provisions. The provisions also differ concerning important details that determine whether a prior conviction qualifies as a predicate for an enhanced sentence. Though both provisions require that a qualifying prior conviction must be for a felony committed in New York or for a felony committed elsewhere that is equivalent to a New York felony,[1] the persistent felony offender provision specifies that a prior conviction qualifies for enhanced sentencing only if a sentence of imprisonment for more than one year was imposed. N.Y.Penal L. § 70.10(1)(b)(i). The second felony offender provision counts prior convictions regardless of the sentence imposed. *Id.* § 70.06(b). On the other hand, the second felony offender provision specifies that a prior conviction qualifies for enhanced sentencing only if the sentence was imposed not more than ten years before the commis-

sion of the present felony, excluding time in prison. *Id.* § 70.06(1)(b)(iv) & (v). The persistent felony offender provision counts prior convictions regardless of their age. *Id.* § 70.10(b).

The evident purpose of the legislature was to structure a hierarchy of offenses in which serious offenses (those warranting *imposition* of sentences in excess of one year) justified persistent offender sentencing, while less serious offenses (those not warranting imposition of any particular sentence but serious enough for a sentence in excess of one year to be *authorized*) justified second offender sentencing. The hierarchy also has a time parameter, with only relatively recent convictions qualifying under the second felony offender provision. By making both the severity of the sentence and the date of the conviction relevant the legislature has created two categories of felonies, each of which requires a characteristic not required of the other. For example, two prior convictions for which sentences of two years were imposed fifteen and twelve years before the present felony would satisfy the persistent offender provision, but neither of these convictions would satisfy the second offender provision. Conversely, either of two prior convictions for which sentences of six months were imposed eight and five years before the present felony would satisfy the second offender provision, but the two convictions would not satisfy the persistent offender provision.

The persistent felony and second felony offender provisions also differ in other important respects. Sentencing as a persistent felony offender requires not only two or more qualifying convictions but also a finding by the court that "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest." *Id.* § 70.10(2); *see also* N.Y.Crim.Proc.L. § 400.20(1) (McKinney

---

1. The requirement that a felony committed outside New York must be equivalent to a New York felony to qualify as a predicate conviction for enhanced sentencing is explicit in the second felony offender provision, N.Y.Penal L.

§ 70.06(1)(b)(i), and has been construed to be a requirement of the persistent felony offender provision, *People v. Gill,* 109 A.D.2d 419, 491 N.Y.S.2d 524 (3d Dep't 1985).

1983). There is no comparable requirement for sentencing as a second felony offender. Another basic difference is that even where the findings required for sentencing as a persistent felony offender have been made, the court retains discretion whether to impose the enhanced sentence authorized for a persistent felony offender, N.Y.Penal L. § 70.10(2); N.Y.Crim.Proc.L. § 400.20(9) (court "may" sentence),[2] whereas upon a finding that the defendant is a second felony offender, the court "must" impose the enhanced sentence authorized for a second felony offender, N.Y.Penal L. § 70.06(2); N.Y.Crim.Proc.L. § 400.21(4).

There are also procedural differences between the two types of enhanced sentencing. A persistent felony offender proceeding is initiated by the court, N.Y.Crim.Proc. L. § 400.20(2) & Practice Commentary, whereas a second felony offender proceeding is initiated by the prosecutor, *id.* § 400.21(2). A persistent felony offender proceeding requires a notice filed at least twenty days before the hearing date. *Id.* § 400.20(3). The notice must state that the purpose of the hearing is to determine whether the defendant should be sentenced as a persistent felony offender and must include the court's statement of the date and place of each predicate conviction and the factors in the defendant's background and criminal conduct relevant to persistent felony offender sentencing. *Id.* § 400.20(3), (4). A second felony offender proceeding requires only two days' notice before the hearing, *id.* § 400.21(6), and the notice need set forth only the date and place of each predicate conviction, *id.* § 400.21(2).

Fact-finding for both types of enhanced sentencing is done by the court, *id.* §§ 400.-20(9), 400.21(7)(a), with the burden on the prosecution to prove the requisite number and type of predicate convictions beyond a reasonable doubt by evidence admissible under the rules of evidence applicable at trial, *id.* §§ 400.20(5), 400.21(7)(a). For persistent felony sentencing the burden is on the prosecution to prove the facts concerning the defendant's background and the circumstances of his criminal conduct by a preponderance of the evidence with any relevant evidence not privileged. *Id.* § 400.20(5).

### Facts and Procedural Background

Sailor was convicted in 1979 of various offenses arising out of his role in the 1978 armed robbery of a bank in Yonkers and the related wounding of a police officer. His conviction for these offenses, including two counts of robbery in the first degree and one count of assault in the first degree, is not in dispute on this appeal.

Following the conviction in the County Court for Westchester County, Judge Leggett initiated a persistent felony offender proceeding by issuing the required notice, accompanied by the required statement detailing the alleged predicate felonies and certain factors alleged to warrant persistent offender sentencing. The alleged predicate felonies were Florida convictions for attempted robbery and for attempted assault in 1969 and for escape in 1971.[3] All three of the Florida convictions were in the name of LeRoy Cooper. At a persistent offender hearing in May 1979, Sailor admitted that he was the person who had been convicted of the offenses specified in the Court's statement but raised other objections to being sentenced as a persistent felony offender. The Court rejected most of his challenges and sentenced Sailor as a persistent felony offender. On appeal, the sentence was vacated because the sentencing judge had impermissibly relied upon an aggravating factor not listed in the state-

---

**2.** If the defendant is both a persistent felony offender and a second felony offender, a judge electing not to impose the sentence authorized for a persistent felony offender must impose the sentence authorized for a second felony offender. *People v. Yale,* 49 A.D.2d 167, 373 N.Y.S.2d 901 (4th Dep't 1975).

**3.** Since the 1969 Florida convictions for attempted robbery and aggravated assault were both dated September 26, 1969, they are deemed to be one conviction for purposes of the persistent felony offender provision, which counts as one conviction all convictions for crimes committed prior to the time a defendant was sentenced for any of such convictions, N.Y.Penal L. § 70.10(1)(c).

ment initiating the proceeding. *People v. Sailor*, 85 A.D.2d 746, 449 N.Y.S.2d 646 (2d Dep't 1981).[4]

Upon remand Judge Cowhey of the Westchester County Court initiated a new persistent felony offender proceeding with a statement that listed the same three Florida convictions previously listed, as well as a full statement of aggravating factors, including the one previously omitted. At a preliminary examination Sailor raised a host of objections to the persistent felony offender proceeding. Relevant to this appeal was his assertion that he would put the prosecution to the burden of proving that he was the same person who had been convicted of the Florida felonies. At a subsequent hearing before Judge Martin in July 1982, the prosecutor sought to introduce certificates reflecting the Florida convictions. When Sailor objected for lack of a proper foundation, the prosecutor sought to rely on Sailor's admission at the 1979 hearing that he was the person who had been convicted of the Florida offenses. Judge Martin refused to permit Sailor's prior admission to be used to connect the Florida convictions to Sailor because, in his view, the reversal by the Appellate Division had rendered the "whole procedure illegal." In the absence of evidence connecting the Florida convictions to Sailor, Judge Martin struck the certificates from the record and, for lack of evidence of predicate felonies, held that Sailor was not a persistent felony offender.

Sailor was not sentenced at this point. Instead, Judge Martin permitted the prosecutor to initiate a second felony offender proceeding by filing a second felony offender information. This information listed the same three Florida convictions from the prior proceedings. Sailor raised numerous objections to the second felony offender proceeding, including a claim that an enhanced sentencing proceeding concerning the same convictions involved in the 1982 persistent felony offender proceeding was barred by the Double Jeopardy Clause of the United States Constitution and that the prosecution's effort to prove that he was the person who had been convicted in Florida was barred by collateral estoppel. Judge Martin rejected these challenges, heard evidence, found that Sailor had been convicted in Florida of attempted robbery in 1969, and concluded, based on this prior conviction, that he was a second felony offender. Judge Martin then sentenced Sailor on the two robbery counts to two concurrent terms of not less than twelve years, six months, and not more than twenty-five years. Lesser concurrent sentences were imposed on the other counts. The judgment imposing the second felony offender sentences was affirmed by the Appellate Division, *People v. Sailor*, 101 A.D. 2d 844, 475 N.Y.S.2d 876 (2d Dep't 1984), and by the New York Court of Appeals, *People v. Sailor*, 65 N.Y.2d 224, 491 N.Y. S.2d 112, 480 N.E.2d 701, *cert. denied*, 474 U.S. 982, 106 S.Ct. 387, 88 L.Ed.2d 340 (1985).

In the New York Court of Appeals, the case elicited thoughtful opinions by both the four-member majority and the two-member dissent. Writing for the majority, Judge Simons first considered what he termed the nonconstitutional issue of whether use of the Florida attempted robbery conviction as a predicate for the second felony offender sentence was barred by state law principles of collateral estoppel because the prosecution had previously tried and failed to establish that conviction as a predicate for a persistent felony offender sentence. The Court found collateral estoppel inapplicable for four reasons: (1) no final judgment had been rendered in the prior sentencing proceeding, (2) the prosecution had no right of appeal from the adverse determination in the prior proceeding, (3) the prosecution did not receive a full and fair adjudication in the prior proceeding because Sailor's 1979 in-court admission that he was the person convicted in

---

**4.** Sailor's application to challenge the persistent felony offender proceeding on grounds rejected by the Appellate Division was denied by the New York Court of Appeals. 56 N.Y.2d 814, 452 N.Y.S.2d 1035, 437 N.E.2d 1170 (1982). A petition for writ of habeas corpus was denied by the District Court for the Southern District of New York, and the denial was affirmed by this Court. *Sailor v. Scully*, 765 F.2d 136 (2d Cir.1985).

Florida had been erroneously excluded in the 1982 proceeding, and (4) the adverse determination with respect to the Florida attempted robbery conviction was arguably not essential to the outcome of the prior proceeding, since a determination that Sailor was not a persistent felony offender would have been made once the prosecutor failed to prove the other two Florida convictions. 65 N.Y.2d at 228–29, 491 N.Y.S. 2d at 116, 480 N.E.2d 701.

Turning to the double jeopardy issue, the Court acknowledged that the protections of the Fifth Amendment's Double Jeopardy Clause apply in some circumstances to sentencing proceedings. In particular, the Court reckoned with the Supreme Court's decision in *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), holding that the Double Jeopardy Clause barred the imposition of the death sentence at the punishment phase of a second trial after a defendant had been initially sentenced to life imprisonment at the punishment phase of his first trial. *See also Arizona v. Rumsey,* 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984). The Court of Appeals distinguished *Bullington* and *Rumsey* on the ground that they concerned "trial-type determinations of punishment," 65 N.Y.2d at 229, 491 N.Y.S.2d at 116, 480 N.E.2d 701, whereas the persistent felony offender proceeding lacked attributes of a trial proceeding. The Court of Appeals also deemed it important that the punishment of death was "part and parcel of the substantive offense of capital murder," *id.* at 231–32, 491 N.Y.S.2d at 118, 480 N.E.2d 701, *i.e.,* many of the aggravating and mitigating factors relevant to the death penalty concerned the circumstances of the offense, whereas the persistent felony offender sentencing was concerned solely with the defendant's prior record and other factors in his background. Judge Kaye's dissent argued that the only issue under *Bullington* was whether the persistent felony offender proceeding resembled a trial, and she concluded that it did.

After thus exhausting his state court remedies, Sailor sought a writ of habeas corpus in the District Court for the Southern District of New York. Judge Cooper granted the writ, focusing, as had Judge Kaye, on the issue of whether the persistent felony offender proceeding resembled a trial and concluding that it did. He therefore ordered Sailor released unless the State resentenced him. The judgment in the habeas proceeding does not indicate precisely how the State may now proceed. Left uncertain is whether the State is barred only from imposing an enhanced sentence on the basis of any of the three Florida convictions that the State initially failed to link to Sailor, or whether the State is barred from imposing any enhanced sentence. We believe Judge Cooper intended the latter consequence, since his opinion emphasizes that the evidence at the persistent felony proceeding "was found and declared insufficient to establish that petitioner committed one or more of the prior offenses necessary for sentence enhancement." This emphasis on insufficiency, rather than a defect in the particular evidence offered, seems to bar any enhanced sentencing. Judge Cooper appears to view the situation as though Sailor had been "acquitted" of being subject to enhanced sentencing.

## Discussion

The extent to which the Double Jeopardy Clause applies to enhanced sentencing proceedings has evoked various responses from the courts considering the issue. *Compare Nelson v. Lockhart,* 828 F.2d 446 (8th Cir.1987) (finding double jeopardy precluded second hearing on enhanced punishment under Arkansas Habitual Criminal Offender Act); *French v. Estelle,* 692 F.2d 1021 (5th Cir.1982) (same under Texas habitual offender provision), *cert. denied,* 461 U.S. 937, 103 S.Ct. 2108, 77 L.Ed.2d 313 (1983), *and Bullard v. Estelle,* 665 F.2d 1347 (5th Cir.1982) (same), *vacated on other grounds,* 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983), *with Linam v. Griffin,* 685 F.2d 369 (10th Cir.1982) (finding double jeopardy concerns not implicated by New Mexico's Habitual Criminal Act), *cert. denied,* 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983); *State v. Lee,* 660 S.W. 2d 394 (Mo.Ct.App.1983) (same under Mis-

souri provision), *and Dixon v. State,* 437 N.E.2d 1318 (Ind.1982) (same under Indiana provision). For purposes of this appeal, we will assume without deciding that the Double Jeopardy Clause is applicable in some circumstances to the imposition of a sentence enhanced beyond normal statutory limits. However, we conclude that the Clause was not violated in this case.

■ *A. Collateral Estoppel.* We consider first Sailor's argument that use of the Florida attempted robbery conviction at his second felony offender proceeding violated principles ·of collateral estoppel. The Supreme Court has recognized that collateral estoppel is aᵛcomponent of the protection provided by the Double Jeopardy Clause. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). However, as the New York Court of Appeals pointed out, that doctrine does not apply in the absence of a final judgment concluding the proceeding at which the fact or issue sought to be given preclusive effect was adjudicated. *See Restatement (Second) of Judgments* § 13 (1982). The Supreme Court explicitly stated in *Ashe* that the collateral estoppel rule applies to an issue of fact "determined by a valid and final judgment." 397 U.S. at 443, 90 S.Ct. at 1194. Though some relaxation of the final judgment requirement has been thought appropriate to give preclusive effect to fact determinations made with sufficient definiteness in the civil context, *see Restatement (Second) of Judgments, supra,* § 13, comment g, we see no indication that the constitutionalizing of collateral estoppel in the criminal context imports the doctrine into the Double Jeopardy Clause in the absence of a final judgment.

■ Collateral estoppel does not provide Sailor with the basis for relief because the 1982 persistent felony offender proceeding from which he seeks to obtain preclusive effect did not result in entry of any judgment. That would have occurred only if

Sailor had been sentenced at the conclusion of that proceeding. However, no sentence was then imposed; instead, the prosecutor initiated a second felony offender proceeding, which resulted in the sentence that petitioner now challenges. It would be highly anomalous to give preclusive effect to the 1982 persistent offender determination that Sailor was not proven to be the person convicted in Florida, a determination not resulting in a judgment, in view of the fact that this same fact was previously found in the State's favor at the 1979 persistent felony offender proceeding, which did result in a sentencing and a judgment.

■ *B. Double Jeopardy.* We next consider Sailor's core contention—that the Double Jeopardy Clause barred the second felony offender proceeding after the State's unsuccessful 1982 attempt to have him sentenced as a persistent felony offender. At the outset, we note that the precise nature of Sailor's claim in this regard is not entirely clear. Much of his argument contends that the 1982 persistent felony offender proceeding ended in an "acquittal," Brief for Appellee at 1, yet he also emphasizes that the State failed to prove at the 1982 proceeding that he was the person who had been convicted in Florida. To the extent that Sailor claims a jeopardy violation because the State failed to connect him to the Florida convictions at the 1982 persistent felony offender hearing, that contention is simply another way of arguing collateral estoppel. However, we understand Sailor to be making the broader argument that he may not again be placed in jeopardy of enhanced sentencing for his 1978 New York robbery once the State has unsuccessfully attempted to subject him to enhanced sentencing for that offense.[5] If, as Sailor contends, the outcome of the persistent felony offender proceeding is tantamount to an acquittal that bars enhanced sentencing, it would make no difference what evidence the State relied upon either

---

5. In stating his opposition to the second felony proceeding before the state trial court, counsel for Sailor took a position somewhere between arguing against any enhanced sentencing and arguing only against use of the three Florida convictions offered at the 1982 persistent felony

proceeding: "We would have no objection to a second felony offender hearing if there were other convictions the People were proposing to use which would not have been applicable to a persistent [felony offender] hearing." (Transcript of Sept. 14, 1982, hearing at 5).

at that hearing or at the second felony offender proceeding.

In resolving Sailor's double jeopardy claim, we find it unnecessary to decide the broad issue that divided the New York Court of Appeals as to whether the Double Jeopardy Clause applies to New York's enhanced sentencing proceedings. Even if it does, Sailor cannot prevail because he has not previously been in jeopardy of being sentenced as a second felony offender to an extent sufficient to secure the protection of the Double Jeopardy Clause.

■ The Double Jeopardy Clause applies to protect a person "against a second prosecution for *the same offense* after acquittal." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (emphasis added) (footnote omitted). Even if in some circumstances the Clause also insulates a defendant from being twice in jeopardy for the same punishment, the degree of identity between the punishment imposed and the punishment previously sought to be imposed must be at least as close as would be required between a prior and subsequent offense. It cannot be maintained that the Clause applies more rigorously to the punishment phase of a criminal case than to the conviction phase. *See United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (suggesting that sentencing is not subject to same finality and conclusiveness as acquittal for purposes of double jeopardy).

Sailor was previously in jeopardy of being punished as a persistent felony offender. Upon his "acquittal" of that punishment, he was punished as a second felony offender. The two punishments are not the same. The issue to be considered is whether they are sufficiently the same that an "acquittal" of one bars a subsequent imposition of the other. As we noted in our prior analysis of the provisions authorizing these punishments, they differ in many more respects than simply the number of required predicate convictions. First, convictions that satisfy each provision require proof of a fact not required to satisfy the other provision. Convictions

must have a sentence imposed of more than one year to satisfy the persistent felony offender provision, N.Y.Penal L. § 70.10(1)(b)(i) (McKinney 1987); convictions must have a sentence imposed not more than ten years before the commission of the present felony to satisfy the second felony offender provision, *id.* § 70.06(1)(b)(iv). *See People v. Yale*, 49 A.D.2d 167, 171, 373 N.Y.S.2d 901, 906 (4th Dep't 1975). In this respect, the two provisions fail to satisfy the traditional test of "sameness" for purposes of double jeopardy. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) ("test to be applied ... is whether each provision requires proof of a fact which the other does not"). Furthermore, as our earlier discussion also reveals, the two provisions differ not only with respect to what must be proved but also with respect to the procedures for initiating the two types of enhanced sentencing proceedings, the burden of proof (at least in part), and the options available to the sentencing judge upon a determination that the statutory requisites have been met.

Disregarding all of these distinctions, Sailor appears to contend that he is entitled to relief because he was previously in jeopardy of enhanced sentencing and has subsequently received an enhanced sentence. But the *Blockburger* standard for "sameness" cannot be circumvented by lumping distinct provisions, whether defining offenses or punishments, into a single broad category.

What Sailor may be contending, or at least assuming, is that punishment as a second felony offender is lesser included within punishment as a persistent felony offender. As a general rule, "the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977) (footnote omitted). Whether the "lesser included offense" principle applies to "lesser included" punishments for purposes of double jeopardy is by no means clear. Even Sailor does

**126**

not press the argument to its logical conclusion. If a "lesser included" punishment could not be subsequently imposed whenever the prosecution has previously placed a defendant in jeopardy of a greater punishment, then Sailor would be insulated from receiving even the normal sentence authorized for his present felony. *Bullington v. Missouri, supra,* reenforces the common sense rejection of such an approach. After concluding that the Double Jeopardy Clause protected Bullington from the death penalty after his "acquittal" of that punishment, the Supreme Court remanded so that the lesser penalty of life imprisonment could be imposed. *Bullington* prohibits in some circumstances the subsequent imposition of the same penalty after the prosecution has unsuccessfully sought to have it imposed. It provides no protection against subsequent imposition of a lesser penalty.

Even if the "lesser included offense" principle might have some application to sentencing, the distinctions between the two enhanced sentencing provisions at issue in this case would preclude relief. A defendant whom the prosecution seeks to have punished as a persistent felony offender is not in jeopardy of punishment as a second felony offender in the manner of a defendant in jeopardy of conviction for a lesser included offense. In the typical instance of a lesser included offense, the fact-finder first considers the greater offense and, if that offense is not established, moves on in the same proceeding to consider whether the evidence establishes proof of a lesser included offense. *See People v. Glover,* 57 N.Y.2d 61, 453 N.Y.S.2d 660, 439 N.E.2d 376 (1982); *People v. Green,* 56 N.Y.2d 427, 452 N.Y.S.2d 389, 437 N.E.2d 1146 (1982). However, under the New York sentencing provision, a judge who has found that a defendant is *not* a persistent felony offender cannot drop down one level of punishment and impose a second felony offender sentence. If a persistent felony offender proceeding initiated by the court results in an "acquittal," the only way to invoke the second felony offender provision is for the prosecutor to initiate a new proceeding, as occurred in this case. In only one circumstance can the second felony offender punishment be deemed "lesser included." If a judge determines that a defendant convicted of a Class B, C, D, or E felony *is* a persistent felony offender, and then exercises his discretion not to impose the authorized punishment, the judge is required to sentence the defendant as a second felony offender whenever at least one of the predicate convictions for the persistent felony offender determination also satisfies the criteria for a second felony offender sentencing. *See People v. Yale, supra,* 49 A.D.2d at 170, 373 N.Y. S.2d at 905. That circumstance does not sufficiently link the two punishment provisions in the manner of lesser included offenses to a degree that would be necessary to secure the protection of the Double Jeopardy Clause, even if we assume the application of the Clause in some circumstances to lesser included sentences.

The judgment of the District Court is reversed.